UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER DE LOS REYES, an individual,<br><br>                       Plaintiff,<br><br>  vs.<br><br>WALMART, INC., a corporation,<br><br>                      Defendant. | Case No.: 24-CV-1319 JLS (KSC)<br><br>**ORDERING DEFENDANT TO FILE FORMAL NOTICE OF PLAINTIFF'S DEATH** |

On September 17, 2024, the Court received a Notice of Plaintiff's Death by Plaintiff's counsel ("Notice," ECF No. 9). Plaintiff's counsel indicated he was informed that Plaintiff Jennifer De Los Reyes died on September 1, 2024. Notice at 2. Plaintiff's counsel further represented that he had "not been retained by any successor or representative of De Los Reyes, the deceased party." *Id.* Finally, Plaintiff's counsel expressed the Notice was "not intended as a motion for substitution on behalf of a successor or representative under Fed. R. Civ. P. 25(a)(1)," as "Plaintiff's counsel is not a party to this action and he lacks authority to represent De Los Reyes after her death." *Id.* (citing to *Woodson v. City of Richmond, Va.*, No. 3:13CV134, 2014 WL 7462509, at *1 (E.D. Va. Dec. 31, 2014), which holds that a deceased party's lawyer lacks authority to file a statement of death because under Fed. R. Civ. P. 25(a) the lawyer is neither a party nor a representative or successor of the deceased party).

1

Federal Rule of Civil Procedure 25 establishes the process for moving forward after a party to a civil action has died. Of relevance here, it provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a). If the decedent's successor or representative does not file a motion for substitution "within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id.*

"The question of whether an action survives the death of a party must be determined by looking towards the law, state or federal, under which the cause of action arose." *Stribling v. Lucero*, No. 2:16-CV-01438-TLN-JDP, 2021 WL 516849, at *1 (E.D. Cal. Feb. 11, 2021). Here, Plaintiff's causes of action arise under California law. *See* ECF No. 1-2 ("Compl."). And under California law, where Plaintiffs' a cause of action for or against a person is generally not extinguished by that person's death. *See* Cal. Civ. Proc. Code § 377.20(a) ("Except as otherwise provided by statute, a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period."); *see also Martinez v. Animal Health Int'l, Inc.*, No. 121CV00965JLTSKO, 2022 WL 2791171, at *1 (E.D. Cal. July 15, 2022).

The Ninth Circuit has explained that Rule 25 requires two affirmative steps to trigger the 90-day period:

> First, a party must formally suggest the death of the party upon the record . . . . Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute . . . . Thus, a party may be served the suggestion of death by service on his or her attorney, . . . while non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons.

*Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) (internal citations omitted). Under

1  *Barlow*, the defendant has some obligation to identify the plaintiff's representative or
2  successor and to serve the notice of death on that party. *See Gilmore v. Lockard*, 936 F.3d
3  857, 865–68 (9th Cir. 2019). And "any notice of death filed by a decedent's lawyer is of
4  no effect under Rule 25(a)(1) and does not trigger the 90-day time period established by
5  Rule 25(a)(1)." *Woodson*, 2014 WL 7462509, at *2.

6  Accordingly, Defendant is **ORDERED** to provide the Court with a formal notice of
7  Plaintiff's death and to serve that notice on Plaintiff's representative or successor. If
8  Defendant is unable to identify Plaintiff's representative or successor, Defendant **SHALL**
9  **FILE** a notice with the Court explaining the steps that it has taken to locate Plaintiff's
10 representative or successor. *See Gruenberg v. Maricopa Cnty. Sheriff's Off.*,
11 No. CV 06-0397-PHX-SMM (DKD), 2008 WL 2001253, at *1–2 (D. Ariz. May 7, 2008)
12 (dismissing an action without prejudice after the plaintiff died and the defendants could not
13 locate a successor).

14 **IT IS SO ORDERED**.

15 Dated: March 5, 2025

16 Hon. Janis L. Sammartino
17 United States District Judge