UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER DE LOS REYES, an individual,<br><br>                              Plaintiff,<br><br>vs.<br><br>WALMART, INC., a Delaware corporation; WAL-MART ASSOCIATES, INC., a Delaware corporation; and DOES 1-50, inclusive,<br><br>                              Defendants. | Case No.: 24-CV-1319 JLS (KSC)<br><br>**ORDER ON DEFENDANTS' NOTICE OF PLAINTIFF'S DEATH**<br><br>(ECF No. 13) |

      On September 17, 2024, the Court received a Notice of Plaintiff's Death by Plaintiff's counsel. ECF No. 9. Plaintiff's counsel indicated the Notice was "not intended as a motion for substitution on behalf of a successor or representative under Fed. R. Civ. P. 25(a)(1)," as "Plaintiff's counsel is not a party to this action and he lacks authority to represent De Los Reyes after her death." *Id.* at 2 (citing to *Woodson v. City of Richmond, Va.*, No. 3:13CV134, 2014 WL 7462509, at *1 (E.D. Va. Dec. 31, 2014), which holds that a deceased party's lawyer lacks authority to file a statement of death because under Fed. R. Civ. P. 25(a) the lawyer is neither a party nor a representative or successor of the deceased party).

      Subsequently, on March 5, 2025, the Court issued an Order requiring Defendants

Walmart, Inc. and Wal-Mart Associates, Inc. (collectively, "Defendants") to provide the Court with a formal notice of Plaintiff's death and to serve that notice on Plaintiff's representative or successor. ECF No. 11 ("Order").

As explained in the Order, Federal Rule of Civil Procedure 25 establishes the process for moving forward after a party to a civil action has died. Of relevance here, it provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a). If the decedent's successor or representative does not file a motion for substitution "within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id*. The Ninth Circuit has explained that Rule 25 requires two affirmative steps to trigger the 90-day period:

> First, a party must formally suggest the death of the party upon the record . . . . Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute . . . . Thus, a party may be served the suggestion of death by service on his or her attorney, . . . while non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons.

*Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) (internal citations omitted). Under *Barlow*, the defendant has some obligation to identify the plaintiff's representative or successor and to serve the notice of death on that party. *See Gilmore v. Lockard*, 936 F.3d 857, 865–68 (9th Cir. 2019). And "any notice of death filed by a decedent's lawyer is of no effect under Rule 25(a)(1) and does not trigger the 90-day time period established by Rule 25(a)(1)." *Woodson*, 2014 WL 7462509, at *2.

In its Order, the Court also directed Defendants to file a notice with the Court if Defendants were unable to identify Plaintiff's representative or successor, explaining the steps that Defendants took to locate Plaintiff's representative or successor. Order at 3.

On March 27, 2025, Defendants filed a Notice of Plaintiff's Death; Plaintiff's Next of Kin and/or Successors Requirement to Appear ("Notice," ECF No. 13). In such Notice,

Defendants assert they have no records indicating the names or addresses of next of kin of Plaintiff and no persons have stepped forward as next of kin or successors to Plaintiff in the several months since Defendants were notified of Plaintiff's death.  Notice at 2. Defendants represent they have taken the following actions:

- Searched its own personnel records for Plaintiff to locate any beneficiary information. Despite a reasonable, thorough search, no information was located other than her records identifying her spouse as deceased;
- Performed a public records search discovering that Plaintiff died on September 1, 2024 in San Diego County at Sharp Memorial Hospital, which was reported to the California Department of Public Health, Center for Health Statistics. Defendant's public records search of Plaintiff did not garner any results for Plaintiff's successor or next of kin;
- Further, Defendants performed a probate search of Plaintiff in the surrounding counties where Plaintiff last lived. Defendants have not been able to locate any probate matter, thus inferring that Plaintiff died intestate with no documents listing next of kin or successors;
- Moreover, as obtained by Defendant's public records search, Defendant has served this Notice of Death on: (1) the last known address of Plaintiff; and (2) the last listed agent for service of process of the last known business associated with Plaintiff in compliance with Federal Rules of Civil Procedure Rule 4. Thereby any successor of interest or next of kin is hereby on notice of their requirements to appear before this Court in order to avoid dismissal of this Action pursuant to Federal Rules of Civil Procedure Rule 25(a)(1). Notably, per Defendants' public records search, the last known business associated with Plaintiff has since been suspended on or about December 2, 2013; and
- Served this Notice on Plaintiff's attorney in this matter, who remains counsel of record.

*Id.* at 2–3.

Defendants request the 90-day period set forth in Federal Rule of Civil Procedure 25(a)(1) "be triggered by this Notice served upon the last known address of Plaintiff and last known business, pursuant to Federal Rule of Civil Procedure 4, in an effort to locate a next of kin or successor." *Id.* at 3.

In light of Defendants' efforts to locate a next of kin or successor, the Court finds Defendants' Notice sufficient to trigger the 90-day period set forth in Rule 25(a)(1). *See Gruenberg v. Maricopa Cnty. Sheriff's Off.*, No. CV 06-0397-PHX-SMM (DKD), 2008 WL 2001253, at *1–2 (D. Ariz. May 7, 2008) (dismissing an action without prejudice under Rule 25(a) after defendants' efforts failed to reveal any next-of-kin or executor of plaintiff's estate).

Accordingly, the Court emphasizes that pursuant to Rule 25(a)(1) any successors of interest, representatives, and/or kin of Jennifer De Los Reyes may file a motion for substitution in order to continue in this action on behalf of Jennifer De Los Reyes, now deceased. **If such a motion for substitution is not made within 90 days after service of Defendants' Notice (ECF No. 13), the action by Jennifer De Los Reyes will be dismissed by the Court.**

**IT IS SO ORDERED**.

Dated: April 1, 2025

Hon. Janis L. Sammartino
United States District Judge