UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER DE LOS REYES, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART, INC., a Delaware corporation; WAL-MART ASSOCIATES, INC., a Delaware corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 24-CV-1319 JLS (KSC)<br><br>**ORDER DISMISSING ACTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 25(a)** |

On September 17, 2024, the Court received a Notice of Plaintiff's Death by Plaintiff's counsel. ECF No. 9. Subsequently, on March 5, 2025, the Court issued an Order requiring Defendants Walmart, Inc. and Wal-Mart Associates, Inc. (collectively, "Defendants") to provide the Court with a formal notice of Plaintiff's death and to serve that notice on Plaintiff's representative or successor. ECF No. 11 ("Order").

As explained in the Order, Federal Rule of Civil Procedure 25 establishes the process for moving forward after a party to a civil action has died. Of relevance here, it provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a). If the decedent's successor or representative does not file a motion for substitution "within 90 days after service of a statement noting the

death, the action by or against the decedent must be dismissed." *Id*. The Ninth Circuit has explained that Rule 25 requires two affirmative steps to trigger the 90-day period:

> First, a party must formally suggest the death of the party upon the record . . . . Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute . . . . Thus, a party may be served the suggestion of death by service on his or her attorney, . . . while non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons.

*Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) (internal citations omitted). Under *Barlow*, the defendant has some obligation to identify the plaintiff's representative or successor and to serve the notice of death on that party. *See Gilmore v. Lockard*, 936 F.3d 857, 865–68 (9th Cir. 2019).

On March 27, 2025, Defendants filed a Notice of Plaintiff's Death; Plaintiff's Next of Kin and/or Successors Requirement to Appear ("Notice," ECF No. 13). In such Notice, Defendants detailed their efforts to locate a next of kin or successor, to no avail. Notice at 2–3. Consequently, Defendants requested that the 90-day period set forth in Federal Rule of Civil Procedure 25(a)(1) "be triggered by this Notice served upon the last known address of Plaintiff and last known business, pursuant to Federal Rule of Civil Procedure 4, in an effort to locate a next of kin or successor." *Id.* at 3.

On April 1, 2025, the Court granted Defendants' request, finding Defendants' Notice was sufficient to trigger the 90-day period set forth in Rule 25(a)(1). ECF No. 14 ("Order") at 4. The Court emphasized that if a "**motion for substitution is not made within 90 days after service of Defendants' Notice (ECF No. 13), the action by Jennifer De Los Reyes will be dismissed by the Court.**" Order at 4 (emphasis in original).

Because 90 days have now come and gone since Defendants noticed the Court of Plaintiff's death, and because Plaintiff died approximately 10 months ago and there has been no inquiry into the case by a potential successor, the Court will **DISMISS** this action

under Rule 25(a). However, such dismissal shall be **WITHOUT PREJUDICE**. *See Gruenberg v. Maricopa Cnty. Sheriff's Off.,* No. CV 06-0397-PHX-SMM (DKD), 2008 WL 2001253, at *1–2 (D. Ariz. May 7, 2008) ("[G]iven the circumstances, which include the inability to locate a representative and the lack of an adjudication on the merits, the dismissal [pursuant to Rule 25(a)] will be without prejudice."). As this concludes the litigation in this matter the Clerk of Court shall **CLOSE** the file.

**IT IS SO ORDERED.**

Dated: July 9, 2025

Hon. Janis L. Sammartino
United States District Judge